UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| NETTIE L. METCALFE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No.: 6:14-cv-01216-SGC |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION**[1]

The plaintiff, Nettie L. Metcalfe, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Metcalfe timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C § 405(g). For the reasons discussed below, the Commissioner's decision is due to be affirmed.

**I. Procedural History**

Metcalfe has the equivalent of a high school education and has previously worked as a sewing machine operator and grinding machine operator. (Tr. at 66-67, 147, 167-170). She was laid off from her job as a grinding machine operator on August 19, 2001, and has not worked since. (*Id.* at 49-51, 146). In her application for DIB, Metcalfe alleged rheumatoid arthritis and pain in her neck, hands, knees, and lower back with an initial onset date of April 15, 2006. (*Id.* at 44, 47, 91, 146). After her claims were denied, Metcalfe requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 87-90). Following a hearing held on June 26, 2012,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Rule 72 of the *Federal Rules of Civil Procedure*, the parties have voluntarily consented to the exercise of full dispositive jurisdiction by the undersigned magistrate judge. (Doc. 13).

1

the ALJ denied Metcalfe's claims. (*Id.* at 26-37). Metcalfe was fifty-four years old when the ALJ issued his decision on December 11, 2012. (*Id.* at 43, 79; Doc. 9 at 4). After the Appeals Council declined to review the ALJ's decision on April 21, 2014 (Tr. at 3-5), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Metcalfe initiated this action on June 24, 2014. (Doc. 1).

## II. Statutory and Regulatory Framework

To establish her eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). Furthermore, a claimant must show she was disabled between her alleged initial onset date and her date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 Fed. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 Fed. App'x 862, 863 (11th Cir. 2012). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i) and (b). At the first step, the ALJ determined Metcalfe

last met the Social Security Administration's insured status requirements on December 31, 2006, and did not engage in substantial gainful activity from her alleged onset date of April 15, 2006, through December 31, 2006, her date last insured. (Tr. at 31).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 404.1508. Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.*; *see also* 42 U.S.C. § 423(d)(3). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c).[2] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments, even though none of her individual impairments alone is disabling. 20 C.F.R. § 404.1523. The claimant bears the burden of providing medical evidence

---

[2] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

*Id.* at § 404.1521(b).

demonstrating an impairment and its severity. *Id.* at § 404.1512(a) and (c). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(ii) and (c).

At the second step, the ALJ determined Metcalfe had the following severe impairments through December 31, 2006, her date last insured: obesity and polyarthritis. (Tr. at 31-32). The ALJ noted Metcalfe alleged, or her medical records indicated, a history of panic disorder, anxiety disorder, depression, allergic rhinitis, atypical chest pain, and various gynecological, hormonal, and breast-related conditions but found these impairments were non-severe because Metcalfe did not demonstrate any continuous restrictions imposed by the impairments, which her medical records indicated were well-controlled, non-symptomatic, or of less than a 12-month duration. (*Id.* at 32). In finding Metcalfe's panic disorder, anxiety disorder, and depression were non-severe impairments, the ALJ considered any functional limitations they imposed on her activities of daily living, social functioning, and concentration, persistence, or pace, as well as any episodes of decompensation. *See* 20 C.F.R. § 404.1520a; 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C). The ALJ found Metcalfe had no functional limitations in the areas listed above or any episodes of decompensation of an extended duration, according to her medical records. (Tr. at 32).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii); *see also id.* at § 404.1525-26. The claimant bears the burden of proving her impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 Fed. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will find the claimant is

4

disabled.  20 C.F.R § 404.1520(a)(4)(iii) and (d).  At the third step, the ALJ determined Metcalfe did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings through December 31, 2006, her date last insured.  (Tr. at 33).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step.  20 C.F.R. § 404.1520(e); *see also id.* at § 404.1545.  A claimant's RFC is the most she can do despite her impairment.  *See id.* at § 404.1545(a)(1).  At the fourth step, the Commissioner will compare her assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  *Id.* at § 404.1520(a)(4)(iv) and (e), 404.1560(b).  "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  *Id.* § 404.1560(b)(1).  The claimant bears the burden of proving her impairment prevents her from performing her past relevant work.  *Reynolds-Buckley*, 457 Fed. App'x at 863.  If the claimant is capable of performing her past relevant work, the Commissioner will find the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(3).

Before proceeding to the fourth step, the ALJ determined Metcalfe had the RFC to perform light work as defined in the Dictionary of Occupational Titles through December 31, 2006, her date last insured.  (Tr. at 33-36).  In making this determination, the ALJ found Metcalfe's medically determinable impairments could reasonably be expected to have caused her alleged symptoms but that Metcalfe's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with her RFC as determined by the ALJ.  (*Id.* at 34-36).  The ALJ also discredited the opinions expressed by Farouk A. Raquib, M.D., one of Metcalfe's treating physicians, in an RFC questionnaire

completed on September 2, 2011, on the ground those opinions were inconsistent with Dr. Raquib's own treatment records for the relevant period, April 15, 2006 through December 31, 2006. (*Id.* at 36). At the fourth step, the ALJ determined Metcalfe was capable of performing her past relevant work as a grinding machine operator through her date last insured, December 31, 2006. (Tr. at 37). Therefore, the ALJ concluded Metcalfe was not disabled at any time between April 16, 2006 and December 31, 2006 and denied her claim. (*Id.*).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*,

985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Metcalfe raises a single issue—whether the ALJ properly evaluated the opinions Dr. Raquib expressed in an RFC questionnaire completed on September 2, 2011. (Doc. 9). Specifically, Dr. Raquib opined Metcalfe suffers from lumbar pain and lumbar degenerative disc disease; Metcalfe's pain is incapacitating at times; Metcalfe frequently experiences pain sufficiently severe to interfere with attention and concentration; Metcalfe is unable to sit or stand for long periods of time; Metcalfe could sit for less than two hours total during an eight-hour work day and stand and/or walk for less than two hours during that same period of time; Metcalfe would need to shift positions at will from sitting, standing, or walking; Metcalfe would need to lie down every thirty minutes during a work shift; emotional factors contribute to the severity of Metcalfe's symptoms and functional limitations; Metcalfe is not a malingerer; on or before March 4, 2005, Metcalfe suffered from degenerative disc disease and lumbosacral spondylosis that were equal in intensity to her present conditions; and these conditions as they existed on or before March 4, 2005, prevented Metcalfe from seeking and effectively performing full-time work. (Tr. at 308-311). The ALJ discredited these opinions on the ground they were inconsistent with Dr. Raquib's own treatment records for the relevant period, April 15, 2006 through December 31, 2006. Metcalfe argues Dr. Raquib's opinions are supported by her medical records and the ALJ should have accorded great weight to Dr. Raquib's opinions.

"Absent 'good cause,' an AJL is to give the medical opinions of treating physicians

'substantial or considerable weight.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (citing 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2)). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41).

Here, the ALJ considered the opinions Dr. Raquib expressed in the RFC questionnaire completed on September 2, 2011, and discredited those opinions for several reasons: The ALJ noted Dr. Raquib's opinion as to Metcalfe's ability to seek and effectively perform full-time work was an opinion on an issue reserved to the Commissioner and, therefore, not entitled to any special significance. (Tr. at 36). " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment, including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment, and [the claimant's] physical or mental restrictions.'" *See Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). An opinion as to whether a claimant is able to work is not a medical opinion, even if offered by a treating source, but rather a dispositive finding for the ALJ to make. 20 C.F.R. § 404.1527(e)(1); *Kelly v. Comm'r of Soc. Sec.*, 401 Fed. App'x 403, 407 (11th Cir. 2010). It is entitled to no special significance. 20 C.F.R. § 404.1527(e)(3); *Kelly*, 401 Fed. App'x at 407. Therefore, the ALJ did not err in assigning little weight to Dr. Raquib's opinion regarding

Metcalfe's ability to work. *See Heppell-Libsansky v. Comm'r of Soc. Sec.*, 170 Fed. App'x 693, 698 (11th Cir. 2006) (holding ALJ did not err by declining to accord controlling weight to treating physician's statement he doubted claimant would ever be able to return to gainful employment because such statement is a dispositive finding left to ALJ, not a medical opinion).

The ALJ further noted Dr. Raquib's records for the relevant period, April 15, 2006 through December 31, 2006, did not show a diagnosis of degenerative disc disease or lumbosacral spondylosis. (Tr. at 36; 281-289). In fact, as the Commissioner notes in her brief (Doc. 10 at 7), Dr. Raquib first mentioned lumbosacral spondylosis in a record of an examination in March of 2011, nearly three years after Metcalfe's last appointment with Dr. Raquib and more than four years after Metcalfe's date last insured (Tr. at 295-96). As the Commissioner also notes in her brief (Doc. 10 at 7), Dr. Raquib did not diagnose Metcalfe with degenerative disc disease until July of 2011 (Tr. at 304).

Finally, the ALJ noted Dr. Raquib's records for the relevant period do not document the functional limitations he expresses in the RFC questionnaire completed on September 2, 2011. (*Id.*). This is true. Although Dr. Raquib's records for the relevant period note wrist, knee, and back pain as reported by Metcalfe, as well as swelling of the fingers, joints, and wrists, panic disorder, anxiety disorder, and obesity, they do not document any functional limitations associated with these or any other impairments. (*Id.* at 281-289).

In sum, the ALJ articulated several reasons for discrediting the opinions Dr. Raquib expressed in the RFC questionnaire completed on September 2, 2011. Therefore, the ALJ's determination that these opinions should be assigned little weight is supported by substantial evidence, as is the ALJ's determination Metcalfe could perform light work through her date last insured.

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned finds the Commissioner's decision is supported by substantial evidence and in accordance with applicable law. Therefore, that decision is due to be **AFFIRMED**. A separate order will be entered.

**DONE** this 1st day of September, 2015.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE